1  EDMUND G. BROWN JR., Attorney General
     of the State of California
2  THEODORA BERGER (SBN 050108)
     Senior Assistant Attorney General
3  ROSE B. FUA (SBN 119757)
   JAMIE B. JEFFERSON (SBN 197142)
4    Deputy Attorneys General
   1515 Clay Street, Suite 2000
5  P.O. Box 70550
   Oakland, CA 94612-0550
6  Telephone: (510) 622-2254
   Facsimile:  (510) 622-2272
7
   Attorneys for Plaintiff State of California
8  Department of Toxic Substances Control
9
10                 IN THE UNITED STATES DISTRICT COURT
11              FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| **STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,** | Case No. CIV. S-05-3150 PJH |
| Plaintiff, | **[Proposed] ORDER GRANTING APPROVAL OF SETTLEMENT ORDER AND CONSENT DECREE** |
| v. | |
| Defendants. | |
| **FREUD F. FARLEY and KARL KLUCK,** | Before the Hon. Phyllis J. Hamilton |

        After a hearing on the Department of Toxic Substances Control's ("DTSC") motion for

judicial approval of the terms of the parties settlement, the Court hereby approves the settlement

order and consent decree (a true and correct copy of which is attached as Exhibit A to this

Order).

        Further, the Court hereby approves the following modifications to the agreement:

        A.    Section 3.4 entitled "release of lien" is modified as follows: "Within five (5) days of

execution of the order granting approval by the Court of this Consent Decree, DTSC will release

the lien on the property located at 1212 Thomas Avenue in San Francisco, California, 94124."

        B.    The first sentence only of Section 3.1 entitled "Payments" is modified as follows:

1

1    "Within five (5) days of DTSC's (or its representative's) faxing a copy of the recorded release of

2    lien pursuant to section 3.4 to Craigie, McCarthy & Clow at 415-732-7783, Defendants shall pay

3    DTSC One Hundred Thousand Dollars ($100,000)."

4

5        IT IS SO ORDERED, ADJUDGED, AND DECREED.

6

7    Dated:  7/23/07

8

9    HON. PHYLLIS J. H

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT A

1  EDMUND G. BROWN JR.
     Attorney General of the State of California
2  ROSE FUA (#119757)
   JAMIE JEFFERSON (#197142)
3    Deputy Attorneys General
   California Department of Justice
4  1515 Clay Street
   Oakland, California 94610
5  Telephone: (510) 622-2254
   Facsimile: (510) 622-2270
6
   Attorneys for State of California,
7  on behalf of the California Department of
   Toxic Substances Control
8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 STATE OF CALIFORNIA, on behalf of the California Department of Toxic Substances Control | NO.:  C 05-3150 PJH |
| 12 Control | **SETTLEMENT AGREEMENT AND CONSENT DECREE** |
| 13                                          Plaintiff, | |
| 14                v. | |
| 15 FREUD F. FARLEY, and KARL C. KLUCK; | |
| 16                              Settling Defendants. | |

17

### INTRODUCTION

18  Plaintiff, State of California, Department of Toxic Substances Control ("DTSC"), has filed a

19 complaint in the United States District Court for the Northern District of California, pursuant to

20 the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

21 U.S.C. 9601 *et seq*.  The Complaint names as Defendants, Mr. Freud Farley and Mr. Karl C.

22 Kluck, the current owners of the Property located at 1212 Thomas Avenue, San Francisco,

23 California ("the Site") where releases and threatened releases of hazardous substances occurred.

24 Plaintiff and the Defendants now enter into this Settlement Agreement and Consent Decree (the

25 "Consent Decree") on the following terms and conditions.

26

27

### DEFINITIONS

28  A.   All terms used in this Consent Decree that are defined in section 101 of CERCLA, 42

U.S.C. 9601, shall have the same meaning set forth in that section.

B.   "DTSC," as used in this Consent Decree, shall mean DTSC; its predecessors including, but not limited to, the Toxic Substances Control Program of the State of California Department of Health Services; and its successors.

C.   The "Bay Area Drum Property" or "Property," as used in this Consent Decree, shall refer to the real property located at 1212 Thomas Avenue, in the City and County of San Francisco, California.

D.   The "Bay Area Drum Site" or "Site," as used in this Consent Decree shall refer to the Property, and to any place nearby the Property where hazardous substances released at or from the Property may have come to be deposited.

E.   "Response Costs," as used in this Consent Decree, shall include all costs of "removal," "remedial action," or "response" (as those terms are defined by section 101 of CERCLA), incurred in response to the release of hazardous substances at, in, or from the Site.  Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of hazardous substances at, in, or from the Site.

F.   "Party" or "Parties," as used in this Consent Decree, shall mean one or all of the parties to this Consent Decree, as indicated by the context in which that term is used.

G.   Defendants, as used in this Consent Decree, shall mean Mr. Freud Farley and Mr. Karl Kluck.

## RECITALS

A.   DTSC is the California state agency with primary jurisdiction over the response to the release and threatened release of hazardous substances at the Site.

B.   On August 3, 2005, DTSC filed a complaint against Defendants in the United States District Court for the Northern District of California, Case Number C 05-3150 PJH (the "Action").

C.   All Parties agree to settle and resolve any and all disputes and claims between them.

SETTLEMENT AGREEMENT AND CONSENT DECREE
Case No. 05-3150 PJH

2

D.   By entering into this Consent Decree, Defendants make no admission of liability and nothing in this Consent Decree shall be taken as an admission by the Defendants of the truth of any statement of fact or conclusion of law in this or any other proceeding.

E.   DTSC and Defendants agree that settlement without further litigation and without the admission or adjudication of any issue of fact or law is the most appropriate means of resolving this action.  This Consent Decree was negotiated and executed by DTSC and Defendants in good faith to avoid prolonged and complicated litigation.  DTSC, moreover, has negotiated and executed this Consent Decree to further the public interest.

The Court on motion and with the consent of DTSC and Defendants hereby **ORDERS, ADJUDGES AND DECREES** as follows:

1.   **JURISDICTION**

The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. section 1331 and 42 U.S.C. section 9613(b) and personal jurisdiction over each of the parties to this Consent Decree.  Venue is appropriate in this district pursuant to 42 U.S.C. section 9613(b).  The Court has the authority to enter this Consent Decree as the consent decree of the Court.

2.   **SETTLEMENT OF DISPUTED CLAIMS**

2.1.  This Consent Decree represents a fair, reasonable and equitable settlement of the matters addressed herein.

2.2.  For the purposes of this Consent Decree, Defendants admit none of the allegations of the Complaint.  Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law.  Notwithstanding the foregoing, Defendants acknowledges responsibility pursuant to this Consent Decree to perform those acts it has agreed to undertake in this Consent Decree, and shall not deny such responsibility in any proceeding brought by DTSC to enforce this Consent Decree.

2.3.  Except as set forth in section 6 of this Consent Decree, nothing in this Consent Decree

SETTLEMENT AGREEMENT AND CONSENT DECREE
Case No. 05-3150 PJH

shall prejudice, waive, or impair any right, remedy or defense that Defendants may have in any other or further legal proceeding.

3.   **AGREEMENT**

3.1.  <u>PAYMENTS</u>

On or before July 16, 2007, Defendants shall pay DTSC One Hundred Thousand Dollars ($100,000).  On or before April 16, 2010, Defendants shall pay DTSC One Hundred Fifty Thousand Dollars ($150,000).  With respect to the $150,000 payment, Defendants may pay lesser amounts, so long as the entire One Hundred Fifty Thousand Dollars ($150,000) has been paid in full on or before April 16, 2010.

3.2.  The payments required by Section 3.1 above shall be made by certified or cashier's check made payable to "California Department of Toxic Substances Control," and bearing on its face the project codes "201400-00" and "200011-00."  The payments shall be mailed to:

> Department of Toxic Substances Control
> Accounting/Cashier
> 1001 I Street, 21st Floor
> P.O. Box 806
> Sacramento, CA 95814-0806

A copy of the check shall be mailed to:

> Barbara Cook, P.E.
> Department of Toxic Substances control
> Northern California – Coastal Cleanup Operations
> 700 Heinz Avenue, Suite 200
> Berkeley, CA 94710
>
> Jamie Jefferson
> 1515 Clay Street, 20th Floor
> P.O. Box 70550
> Oakland, California 94612

Upon 10 days notice to the other party, a party to this Consent Decree may substitute another person for an addressee named above to receive notifications or communications as required or provided for in this Consent Decree.

///

**SETTLEMENT AGREEMENT AND CONSENT DECREE**
**Case No. 05-3150 PJH**

4

3.3.  <u>STIPULATED JUDGMENT</u>

The Parties hereby agree to enter into a stipulated judgment in the amount of Three Hundred Seventy-Five Thousand Dollars ($375,000).  The stipulated judgment will be entered when executed, but not recorded for three (3) years from April 16, 2007.  If the payments described in paragraph 3.1 are made, the stipulated judgment will never be recorded and DTSC will enter a full satisfaction of judgment within thirty (30) days of receipt of the final payment.  On default of either of the payments described in paragraph 3.1, the judgment for $375,000 will be recorded and may be immediately executed.

3.4.  <u>RELEASE OF LIEN</u>

Upon approval by the Court of this Consent Decree, DTSC will immediately release the lien on the property located at 1212 Thomas Avenue in San Francisco, California, 94124.

4.     **<u>COVENANT NOT TO SUE BY DTSC</u>**

4.1   Except as specifically provided in sections 4.2 and 5, below, and except as may be necessary to enforce the terms of this Consent Decree, as of the date this Consent Decree is entered as a consent decree of the Court, DTSC covenants not to sue Defendants for "Matters Addressed" by this Consent Decree.  "Matters Addressed" includes any and all civil liability for reimbursement of all or any portion of DTSC's Response Costs, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections 25300 *et seq.*, or common law for liability for Response Costs and/or response actions, with regard to releases or threatened releases of at, in or from the Site.

4.2   "Matters Addressed" shall not include, and the covenant not to sue set forth in section 4.1 above does not pertain to, any matters other than those expressly specified in section 5.1.  DTSC reserves, and this Consent Decree is without prejudice to, all rights, claims and causes of action DTSC may have against Defendants with respect to all other matters.

5.     **<u>RESERVATION OF RIGHTS</u>**

5.1   The Covenant Not to Sue set forth in section 4.1 above does not pertain to the

following matters, which DTSC reserves, and this Consent Decree is without prejudice to all

rights and claims of DTSC against each Defendant with respect to the following:

    (a)   failure of Defendants to meet the requirements of this Consent Decree applicable

        to them;

    (b)   damage to natural resources, as defined in section 101(6) of CERCLA, 42 U.S.C.

        § 9601(6), including all costs incurred by any natural resources trustees; and

    (c)   criminal liability;

    (d)   future releases which take place at the Site and were not present during the

response action culminating in certification of site completion on June 20, 2003, for which

DTSC incurs response costs.

    5.2   Except as expressly provided in this Consent Decree, nothing in this Consent

Decree is intended nor shall it be construed to preclude DTSC from exercising its authority under

any law, statute or regulation.  Furthermore, nothing in this Consent Decree is intended, nor shall

it be construed, to preclude any other state agency, department, board or entity or any federal

entity from exercising its authority under any law, statute or regulation.

6.    **COVENANT NOT TO SUE BY DEFENDANTS**

    6.1   Defendants covenant not to sue, and agree not to assert any claims or causes of

action against, DTSC, or its contractors or employees, for any costs or damages Defendants

might incur or for any injuries or losses Defendants might suffer as a result of its performance of

the requirements of this Consent Decree.  Defendants further covenant not to sue, and agree not

to assert any claims or causes of action against, DTSC, or its contractors or employees, for any

and all civil liability for reimbursement of all or any portion of Defendants' response costs, past

or future, declaratory relief, injunctive relief or any other relief under CERCLA, the Carpenter-

Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code sections

25300 *et seq.*, or common law for liability for response costs and/or response actions, with regard

to releases or threatened releases of at, in or from the Site.

///

SETTLEMENT AGREEMENT AND CONSENT DECREE
Case No. 05-3150 PJH

7. **EFFECT OF CONSENT DECREE**

7.1  This Consent Decree constitutes the resolution of Defendants' liability to DTSC with respect to the Matters Addressed in a judicially approved settlement within the meaning of section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

7.2  Accordingly, upon entry of this Consent Decree as a consent decree of the Court, and provided that Defendants perform all of its obligations under this Consent Decree, Defendants shall be entitled, as of the date this Consent Decree is entered as a consent decree of the Court, to protection against all claims for contribution, pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for the Matters Addressed by this Consent Decree to the fullest extent permitted by law.

7.3  Except as specifically provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to waive, release, or otherwise affect any right, claim, or cause of action held by any party to this Consent Decree against, or to provide a covenant not to sue to, any third person not a party to this Consent Decree, or to in any way limit, restrict, or impair the right of any party to this Consent Decree to assert rights, claims, causes of actions, and defenses against any third person not a party to this Consent Decree, including without limitation, the right to seek payment, reimbursement, contribution, or indemnity from such persons for obligations incurred or to be incurred, or actions taken or to be taken, under this Consent Decree. Except as specifically provided in this Consent Decree, DTSC and Defendants expressly reserve any rights, claims, or causes of actions they might have against any third person not a party to this Consent Decree.

7.4  This Consent Decree is contingent and dependent on all of its terms being approved and entered by the Court.  If the Court does not approve and enter this Consent Decree, DTSC and Defendants reserve all of their respective rights, remedies, and defenses.

8. **MODIFICATION OF CONSENT DECREE**

This Consent Decree may only be modified upon the written agreement of DTSC and Defendants and the approval of the Court, or upon order of the Court after noticed motion by a

party to this Consent Decree.

9.  **APPLICATION OF CONSENT DECREE**

This Consent Decree shall apply to and be binding upon DTSC, Defendants and each of their respective successors and assigns. The provisions of this Consent Decree shall inure to the benefit of DTSC, Defendants, and each of their respective successors and assigns. The provisions of this Consent Decree shall also inure to the benefit of the officers, directors, employees and agents of Defendants, in their capacities as such.

10.  **INTEGRATION**

This Consent Decree, including the exhibits and other materials incorporated herein by reference, constitutes the entire agreement between DTSC and Defendants and may not be amended or supplemented except as provided for in this Consent Decree.

11.  **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

12.  **EXECUTION OF DECREE**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.  **CHOICE OF LAW**

California law governs the interpretation of this Consent Decree. This Consent Decree shall be deemed to have been drafted equally by all parties hereto.

14.  **ATTORNEYS FEES AND COSTS**

As to each other, each party to this Consent Decree shall bear its own costs, attorneys' fees, expert witness fees and all other costs of litigation. However, in the event of a breach of any provision of this Agreement, the aggrieved party shall be entitled to recover from the breaching party, in addition to any other relief provided by law, such costs and expenses as may be incurred by the aggrieved party including, but not limited to, reasonable attorney's fees, court costs, and other costs and expenses taxable or otherwise, reasonably necessary in preparing or seeking relief, whether

**SETTLEMENT AGREEMENT AND CONSENT DECREE**
**Case No. 05-3150 PJH**

or not a lawsuit is filed, and in prosecuting any complaint based thereon. This paragraph shall have no effect on the parties' right to recover these fees or costs from any other party.

## 15.  **TITLES AND CAPTIONS**

The headings used in this Agreement are for reference only and are not a part of this agreement.

## 16.  **INTERPRETATION**

No Party or its counsel shall be deemed the drafter of this Agreement for purposes of construing the provisions hereof.  The language in all parts of this Agreement shall in all cases be construed according to its fair meaning and not strictly for or against any party.  In this Agreement, unless the context otherwise requires, the single and the plural include one another.

## 17.  **BINDING**

The terms of this Agreement shall be binding upon the heirs, representatives, successors and assigns of the undersigned.

## 18.  **AUTHORITY TO EXECUTE**

Each individual signing this Agreement, and any other documents executed in connection with this Agreement, whether signed individually or on behalf of any person or entity warrants and represents that they have full authority to execute the Agreement on behalf of that Party or Parties on whose behalf they sign.  Each individual signing this Agreement acknowledges and represents that this representation and warranty is an essential and material provision of this Agreement and shall survive execution of this Agreement.  The undersigned acknowledge that they freely and voluntarily entered into this Agreement.  The undersigned represent that in signing this Agreement they have not relied on any statements of any attorneys or other persons acting on behalf of the Parties herein released.

///

**SETTLEMENT AGREEMENT AND CONSENT DECREE**
**Case No. 05-3150 PJH**

19. **APPROVALS OF PARTIES**

Plaintiff DTSC consents to this Consent Decree by its authorized representative as follows:

CALIFORNIA DEPARTMENT OF
TOXIC SUBSTANCES CONTROL

Dated:_____

_____
Barbara Cook
Chief, Northern California, Coastal Cleanup
Operations
 Operations Branch
California Department of Toxic
Substances Control

Mr. Freud Farley and Mr. Karl Kluck consent to this Consent Decree by its authorized representative as follows:

FREUD FARLEY

DATED:_____          By: _____

KARL KLUCK

DATED:_____          By:_____

APPROVED AS TO FORM:

Dated: _____

EDMUND G. BROWN, Attorney General
 of the State of California
THEODORA BERGER
Senior Assistant Attorney General
ROSE FUA
Deputy Attorney General

By _____
JAMIE B. JEFFERSON
Deputy Attorney General
Attorneys for Plaintiff California Department
of Toxic Substances Control

**SETTLEMENT AGREEMENT AND CONSENT DECREE**
**Case No. 05-3150 PJH**

Dated: _____

By: _____
    JAMES HANAVAN
    Craigie, McCarthy & Clow LLP
    Attorneys for Defendants

**IT IS SO ORDERED, ADJUDGED AND DECREED:**

Dated:_____

_____
HON. PHYLLIS HAMILTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

settlement agreement and consent decree.final.wpd

**SETTLEMENT AGREEMENT AND CONSENT DECREE**
**Case No. 05-3150 PJH**